D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>RUBY'S DINER, INC., a California corporation, et al.,<br><br>　　　　　Debtor.<br><br>Affects:<br><br>☐　ALL DEBTORS<br><br>☐　RUBY'S DINER, INC., ONLY<br><br>☐　RUBY'S SOCAL, DINERS, LLC, ONLY<br><br>☐　RUBY'S QUALITY DINERS, LLC, ONLY<br><br>☒　RUBY'S HUNTINGTON BEACH, LTD. ONLY<br><br>☐　RUBY'S LAGUNA HILLS, LTD. ONLY<br><br>☐　RUBY'S OCEANSIDE, LTD, ONLY<br><br>☐　RUBY'S PALM SPRINGS, LTD. ONLY | Case No. 8:18-bk-13311-SC<br><br>Chapter 7<br><br>(Jointly Administered with Case Nos.: 8:18-bk-13197-SC; 8:18-bk-13198-SC; 8:18-bk-13199-SC; 8:18-bk-13200-SC; 8:18-bk-13201-SC; 8:18-bk-13202-SC)<br><br>CHAPTER 7 TRUSTEE'S MOTION TO APPROVE DISTRIBUTION SCHEME AND INTERIM DISTRIBUTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT<br><br>Date:　November 1, 2022<br>Time:　11:00 a.m.<br>Ctrm:　5C<br>Location: ZoomGov[1] |

/ / /

---

[1] Notwithstanding the opening of the Courthouse to in-person proceedings, in light of the overwhelming support by the Bar for continued virtual appearances, Judge Clarkson will continue utilizing ZoomGov in a hybrid format, holding the majority of hearings by video, with an option for in-person hearings. Please see the calendaring instructions which may be located in the Self-Calendaring section of Judge Clarkson's page for more details and effective dates.

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

RICHARD A. MARSHACK, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Ruby's Diner, Inc., a California corporation, et al. jointly administered on September 5, 2018, as lead case no. 8:18-bk-1331-SC ("Lead Debtor" or "RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company; (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company; (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership; (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively with Lead Debtor, referred to as "Debtors"), respectfully files this Motion for entry of an order authorizing (1) distribution to Chapter 7 administrative professionals; (2) Chapter 11 administrative professionals; and (3) other unpaid Chapter 11 expenses ("Motion").

## 1. Summary of Argument

A Chapter 7 Trustee should make distributions and distribute funds as soon as is practicable. Further, actual and necessary costs and expenses of preserving the estate, including expenses incurred after the filing of bankruptcy may be paid upon order of the court. In this case, Trustee negotiated and sold assets of the Estate. Currently, in RHB, Trustee is holding $1,050,704.76 in funds. To that end, Trustee requests authority to make distributions in the amount of $700,000 as detailed below, and on the proposed distribution report attached to the Declaration of Richard A. Marshack as Exhibit "1," from the unencumbered portion of the funds on hand to priority and administrative creditors.

///
///
///

## 2. Factual Background

### A. Bankruptcy Filings and Conversion to Chapter 7

On August 29, 2018, RHB, SoCal, Quality, PS, LH and RO each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

On September 5, 2018, RDI filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The bankruptcy cases have been ordered jointly administered.

On April 10, 2020, as Dk. No. 571, RDI filed a motion to convert case from Chapter 11 to 7 ("Motion to Convert").

Similar motions to convert were filed in the RHB, SoCal, PS, Quality, and RO cases.

On April 15, 2020, as Dk. No. 577, the Court entered an order granting Lead Debtor's Motion to Convert.

Similar orders were entered in the RHB, SoCal, PS, Quality, and RO cases.

Richard A. Marshack is the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estates of RDI, SoCal, Quality, PS, RHB, and RO.

### B. Assets Liquidated to Date

On October 9, 2020, as Dk. No. 886, counsel on behalf of Trustee filed a sale motion to sell substantially all assets of all estates and to extend the use of cash collateral with regard to RDI ("All Assets Sale Motion").

On December 16, 2020, as Dk. No. 964, the Court entered an order granting the All Assets Sale Motion as to RDI's 50% interest in Ruby's Diner South Coast Plaza, Ltd ("SCP") to purchaser Steven Craig for the sum of $350,000.

Separately, on January 22, 2021, as Dk. No. 998, the Court entered a further order granting the All Assets Sale Motion as to certain assets of RHB and RO that were sold to purchaser RAV, LLC. Specifically, in RHB the asset sold was the real property lease pursuant to which RHB was the lessee and the City of Huntington Beach was lessor for the sale price of $3,315,300. Moreover, in RO, the asset sold a real property lease pursuant to which RO was the lessee and the City of Oceanside was lessor for a sale price of $984,700.

On April 9, 2021, as Dk. No. 1054, Trustee filed a statement of property sold relating to RDI, RHB, and RO.

On July 14, 2021, as Dk. No. 1111, counsel for Chapter 7 Trustee, filed a motion to approve a compromise and sale of the intellectual property ("IP") of RDI ("IP Sale Motion").

On September 2, 2021, as Dk. No. 1138, the Court entered an order granting Trustee's IP Sale Motion. Generally, the consideration paid for the IP was a combination of cash in the amount of $2,000,000 and a revenue split to be shared through the years 2024. The funds generated from the sale of the IP are subject to a security interest held by various secured noteholders. Separately, $1 million was paid pursuant to the compromise which funds were unencumbered.

On October 1, 2021, as Dk. No. 1145, Trustee filed a statement of property sold regarding intellectual property.[3]

On May 2, 2022, as Dk. No. No. 1206, special litigation counsel on behalf of Trustee filed a motion to approve compromise ("9019 Motion") relating to the litigation of Directors & Officers of RDI; (2) To authorize payment of contingency fee and costs to special counsel; and (3) to permit payment to the Ruby's Franchise Systems, Inc. estate. The settlement resulted in an immediate cash payment to the RDI estate in the amount of $3,550,000, as well as assistance from defendant-insureds in obtaining further payment from Scottsdale Insurance Company.[4]

On July 20, 2022, as Dk. No. 1236, the Court entered an order granting the 9019 Motion.

**3.    Case Status and Proposed Distribution Scheme**

   **A.    Funds on Hand**

In RHB, Trustee is currently holding $1,050,704.76 of unencumbered funds which cash represents the balance of the proceeds from the sale of the HB lease after payment of secured and various administrative claims. Trustee seeks to distribute $700,000 as follows:

---

[3] Sale price was $3,000,000; Less $24,484.57 in payments previously made directly to DeNovo Legal PC. Net proceeds received by Estate upon closing on September 15, 2021, was $2,975,515.43.

[4] Details can be found in 9019 Motion.

| | **Huntington Beach** | | **$700,000** |
|---|---|---|---|
| | | | |
| **CHAPTER 7 ADMIN** | Request/Allowed | Proposed Dist | Running Balance |
| Trustee (pay 70%) | $ 156,039.77 | $ 109,227.84 | |
| MH | $ 25,564.22 | $ 25,564.22 | |
| UST Claim 12 [6] | $ 12,242.74 | $ 12,242.74 | |
| FTB Claim 10 (2019-2022) [7] | $ 1,615.05 | $ 1,615.05 | |
| **Total Chapter 7 Admin** | **$ 195,461.78** | **$ 148,649.85** | **$ 551,350.15** |
| | | | |
| **Ch 11 - 1019 and Wages (80%)** | | | |
| Ruben Rodriguez | $ 4,500.00 | $ 3,600.00 | |
| David Longo | $ 2,267.60 | $ 1,814.08 | |
| | **$ 6,767.60** | **$ 5,414.08** | **$ 545,936.07** |
| | | | |
| | | | |
| **CH 11 Professionals** | | | |
| **Pro-rata distribution** | **11.38%** | | |
| Donlin (hrg 10/25) | $ 131,266.84 | $ 14,944.69 | |
| Pachulski (hrg 11/1) (allocated below) [8] | $ 4,663,968.08 | $ 530,991.38 | |
| | **$ 4,795,234.92** | **$ 545,936.07** | |
| | | | |
| **Pachulski allocations - gen unsecured** | | **$ 530,991.38** | |
| Claim 2 - So Cal Edison | $ 12,704.10 | | |
| Claim 3 - WGG LLP | $ 14,980.54 | | |
| Claim 5 - Garda World | $ 2,850.22 | | |
| Claim 7 - Michael Wilson | $ 15,347.00 | | |

---

[6] On September 3, 2020, the U.S. Trustee filed Proof of Claim No. 12-1, in the amount of $12,242.74, for fees under Chapter 123 of Title 28, United States Code.

[7] On May 3, 2022, the Franchise Tax Board ("FTB") filed amended Proof of Claim No. 10-3, in the amount of $1,615.05.

[8] Pachulski has filed a fee application which is set for hearing on November 1, 2022. With the Application Pachulski is seeking approval to pay to the Trustee $50,000 to be earmarked for general unsecured creditors which should result in approximately 100% distribution to general unsecured creditors. This assumes Trustee concludes his settlement with Weiland, Golden Goodrich with respect to reducing their claim from $184,000 such that they only received $14,980.54 on account of WGG prepetition claims. If WGG does not agree, Trustee is holding a sufficient reserve pending settlement discussions. Secondly, Pachulski has agreed to share pro rata payment from RHB with all other Chapter 11 professionals whose employment was not approved in the RHB case but was approved in the Lead Debtor's case.

| | | |
|---|---|---|
| Claim 13 - Interface Security | $ 242.50 | |
| Claim 14 - Budget Blinds | $ 3,875.64 | |
| | **$ 50,000.00** | $ 480,991.38 |
| **ALLOCATIONS per agreement** | 7.15% | |
| Pachulski | $ 4,663,968.08 | $ 333,317.15 |
| WGH | $ 862,533.00 | $ 61,642.15 |
| F10 | $ 338,123.00 | $ 24,164.44 |
| GR | $ 865,688.00 | $ 61,867.63 |
| | $ 6,730,312.08 | $ 480,991.38 |

### B.      Chapter 7 Administrative Professionals

Trustee seeks court authorization to pay approximately $148,649.85 to chapter 7 administrative claims, including professionals, as indicated in the chart above.

### C.      Chapter 11 1019 Report Claimants and Employee Wage Claimants

Trustee seeks court authorization to pay approximately $5,414.08 to vendors and certain employees entitled to priority as chapter 11 administrative claimants.

On June 14, 2022, as Dk. No. 1223, Pachulski, Stang, Ziehl & Jones ("PSZJ") filed a notice of submission of Chapter 7 Trustee's Schedule of Unpaid Debts of Ruby's Huntington Beach, Ltd., pursuant to F.R.B.P. 1019(5)(a)(i) ("1019 Report").

On July 12, 2022, as Dk. No. 92, in the case of RHB, counsel for Trustee filed a Motion to (1) Set a Bar Date for Filing Administrative Expense Claims, Including Claims Under 11 U.S.C. § 503(B) and (2) Approve the Form, Manner, and Sufficiency of the Notice Thereof ("Bar Date Motion"). The purpose of the Bar Date Motion was for Trustee to determine all administrative claims that may exist. The motion sought an order (1) setting an administrative claims bar date of September 30, 2022 ("Bar Date") which bar date applied to all claimants seeking allowance of an administrative expense claim, excluding (a) retained professionals who are currently providing services to the Chapter 7 Trustee; or (b) chapter 11 administrative professionals with entered orders already.[11]  On August 25, 2022, as Dk. No. 103, in the RHB case, a notice of setting bar date for

---

[11] On August 19, 2022, as Dk. No. 1245, the Court entered an order granting the Bar Date Motion and setting September 30, 2022, as the last day by which potential administrative priority claimants to file and set for hearing a motion seeking allowance of said administrative claim.

4853-3187-1287v.5-1015-134

filing administrative expense claims under 11 U.S.C. § 503(b) was filed and mailed to all interested parties.

As a result of the 1019 Report, Bar Date Motion, and notices that were served, creditors contacted Trustee with the required information to assert a claim. The chart above shows the breakdown of the proposed distribution to these Chapter 11 1019 Report claimants and employee wage claimants.

### D.     Chapter 11 Professionals – Pro Rata Distribution

Trustee has proposed $545,936.07[12] be distributed on a pro rata basis to the Chapter 11 professionals on account of their administrative claims. The chart above shows the breakdown of the proposed distributions to Chapter 11 Professionals.

### E.     Pachulski Claim and Carve Out For (1) Unsecured Creditors of RHB; and (2) RDI Chapter 11 Professionals

Pachulski has consented to Trustee's request for a carve out from the amount it would otherwise receive on account of its claim. As noted above, Pachulski - assuming its fees are approved in full - will receive an anticipated distribution of $530,991.38. Of this amount, and as noted in Pachulski's fee application,[19] Pachulski has carved out $50,000 for the benefit of RHB's unsecured creditors.[20] Moreover, Pachulski has agreed to share the remaining amount owed to it on

---

[12] A substantial amount of the funds received from the sale of the Huntington Beach lease was paid to secured creditors.

[19] *See*, Dk. No. 1253 in RDI Case No. 8:18-bk-13311, p. 2, lns. 6-17. ("Subject to the consent of the chapter 11 professionals with outstanding claims against the estate of Ruby's Huntington Beach, excluding Donlin Recano, such professionals agree to a collective subordination of $50,000 to the unsecured creditors of Ruby's Huntington Beach. To clarify, such collective subordination means that all such firms will share in a single $50,000 subordination pro-rata with respect to their outstanding unpaid allowed chapter 11 fees and costs against the estate of Ruby's Huntington Beach. Donlin Recano has been excluded from such consensual subordination given the nature of their position as claims agent and the relatively small amount of its fees and costs.)

[20] In the RDI case, Trustee entered into an agreement with secured creditor C&C. C&C provided a loan of $250,000 plus interest at 10% per annum ("Loan") to certain debtors. To secure the Loan, C&C recorded a UCC Financing Statement against SoCal, RPS, **RHB**, and RO with the Secretary of State of California in the amount of $250,000 ("Financial Statement"). C&C, however, did not obtain nor record a deed of trust. In full satisfaction of all claims and liens against all obligors including RO and RHB, C&C accepted 35% of the principal amount of its Loan which sum was $87,500 with the balance of its claim to be subordinated for the benefit of unsecured creditors of RO

7

account of its claims - $530, 991.38 – pro rata with chapter 11 retained professionals in the RDI case.[21]

**4. Legal Argument**

    **A. The Court Has Authority to Authorize Interim Distributions Creditors**

The Bankruptcy Code imposes a duty upon the Trustee to "collect and reduce to money the property of the estate for which such trustee serves, and close the estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1). The priority and manner of distributions to creditors and parties in interest are set forth in 11 U.S.C. §§ 507 and 726. A trustee is further charged with the duty to pay creditors as expeditiously as possible. "In Chapter 7 cases, dividends to creditors shall be paid as promptly as practicable in the amounts **and at the times as ordered by the court**. Rule 3009 of the Federal Rules of Bankruptcy Procedure. Emphasis added. The Advisory Committee Note ("Note") to Rule 3009 makes clear that the amounts and times of interim distributions are left to the discretion of the Court. The Note states, in relevant part, "Although the rule leaves to the discretion of the court the amount and times of dividend payments, it recognizes the creditors' rights to as prompt payment as practicable."

    **B. Trustee's Proposed Distributions to Chapter 7 Professionals, 1019 and Wage Claims, Chapter 11 Professionals, and Unsecured Creditors are Reasonable and Should be Approved by the Court**

Bankruptcy courts should authorize interim distributions if a trustee's proposal is reasonable:

> We agree with the Trustee's position that a 20% distribution is appropriate at this time. As discussed above, the Trustee has performed a diligent, extensive analysis concerning the best interests of the Estate and the respective claims at issue. A 25% distribution, as suggested by the Member-Owners/Banks, would be too ambitious at

---

and RHB *provided if such creditors receive at least 35 cents on the dollar for their claims, then C&C was to retain the right to receive a pro rata distribution for the balance owed to it on account of the Loan*. *See*, Dk. Nos. 1063, 1076, 1093. To that end, because the Pachulski firm carved out funds from itself for the benefit of certain creditors (unsecureds of RHB), Trustee does not believe it triggers C&C's right to payment.

[21] *See*, Dk. No. 1253 in RDI Case No. 8:18-bk-13311, p. 2, lns. 16-17. ("The Firm does not have any objection to any of the chapter 11 professionals receiving payment from the estate of Ruby's Huntington Beach.")

> this juncture, particularly in light of voiced concerns regarding the possibility of future administrative and litigation costs.

*In re Energy Cooperative, Inc.*, 173 B.R. 363, 372 (N.D.Ill. 1994).

As set forth above, Trustee believes that making the proposed interim distributions is in the best interest of the Estate. *See* Marshack Dec. at ¶14. Trustee is holding approximately $1 million in the RHB Estate. As such, he has more than sufficient funds to pay the approximate $700,000 in distributions to Chapter 7 Professionals, 1019 and Wage Claims, Chapter 11 Professionals, and unsecured creditors.[23] Moreover, all claimants have either obtained court approval of their fees or are in the process of doing so such that it is appropriate that these professionals – some of whom have never seen payment – be compensated now. Importantly, unsecured creditors will be paid in full should this Motion be granted.

### C. Trustee's Proposed Distributions are Actual, Necessary Costs and Expenses of Preserving the Estate and Should be Approved by the Court.

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate including—

(i) wages, salaries, and commissions for services rendered after the commencement of the case

11 U.S.C. 503(b)(1)(A)(i).

Most courts apply a two-part test to determine whether a claim is entitled to administrative expense priority under Section 503(b)(1)(A). *Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.)*, 66 F.3d 1091, 1094 (9th Cir. 1995). First, it must arise from a transaction with the bankruptcy estate, and second, it must have directly and substantially benefitted the estate. *Id*. Moreover, wages and for services rendered after the commencement of a case may be paid to employees that could even include an individual debtor. 4 Collier on Bankruptcy P 503.06 (16th 2022). In this case, the

---

[23] Trustee proposes to keep a reserve of approximately $300,000.

vendors and employees that provided valuable services to RHB deserve to be paid on account of their claims. Operating a restaurant entity at any level during a pandemic and while a bankruptcy pending is difficult. Yet, these claimants were up to the task and provided the labor and means necessary for the estate to monetize its assets for the benefit of creditors. Moreover, the proposed distribution to these claimants who properly asserted such claims is under $5,500. As such, payment to these creditors is appropriate.

**5.   Conclusion**

Based on the foregoing, Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;

2. Authorizing Trustee to make interim distributions in the amount of $700,000 as set forth on Exhibit 1 and as approved by this Court on the fee applications heard concurrently with this Motion;

3. Approving the sharing of compensation to Chapter 11 professionals as set forth in the footnote 21 on page 7;

4. Authorizing Trustee to immediately disburse funds as set forth herein; and

5. For such other relief as the Court deems just and proper.

Dated: October 11, 2022          MARSHACK HAYS LLP

By: */s/ Laila Masud*
    D. EDWARD HAYS
    LAILA MASUD
    Attorneys for Chapter 7 Trustee,
    RICHARD A. MARSHACK

**Declaration of Richard A. Marshack**

I, RICHARD A. MARSHACK, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this declaration.

2. I am the duly appointed, qualified, and acting chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Ruby's Diner, Inc., a California corporation, et al. jointly administered on September 5, 2018, as lead case no. 8:18-bk-1331-SC ("Lead Debtor" or "RDI"), with the following associated bankruptcy cases: (a) 8:18-bk-13197-SC – Ruby's SoCal Diners, LLC, a Delaware limited liability company; (b) 8:18-bk-13198-SC - Ruby Quality Diners, LLC., a Delaware limited liability company; (c) 8:18-bk-13199-SC – Ruby's Huntington Beach, Ltd., a California limited partnership ("RHB"); (d) 8:18-bk-13200-SC – Ruby's Laguna Hills, Ltd., a California limited partnership; (e) 8:18-bk-13201-SC – Ruby's Oceanside Ltd., a California limited partnership ("RO"); and (f) 8:18-bk-13202-SC – Ruby's Palm Springs, Ltd., a California limited partnership ("RPS") (collectively with Lead Debtor, referred to as "Debtors").

3. Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

4. All terms not otherwise defined herein are used as they are defined in the Motion.

5. I make this declaration in support of my Motion to Approve Distribution Scheme and Interim Distributions ("Motion").

6. All terms not defined herein are used as they are defined in the Motion.

7. On August 29, 2018, RHB, SoCal, Quality, PS, LH and RO each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

8. On September 5, 2018, RDI filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The bankruptcy cases have been ordered jointly administered.

9. On April 10, 2020, as Dk. No. 571, RDI filed a motion to convert case from Chapter 11 to 7 ("Motion to Convert").

10. Similar motions to convert were filed in the RHB, SoCal, PS, Quality and RO cases.

11. On April 15, 2020, as Dk. No. 577, the Court entered an order granting Lead Debtor's Motion to Convert. Similar orders were entered in the RHB, SoCal, PS, Quality and RO cases.

12. I am the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estates of RDI, RHB and RO.

13. Through this Motion, I seek authority to disburse $700,000 as set forth in the proposed distribution report attached hereto as Exhibit "1."

14. I am currently holding $1,050,704,76 in unencumbered funds in the Estate's bank account and will keep a reserve of $300,000. I believe it is in the best interests of creditors to make a distribution to creditors. Importantly, I believe the amounts specified were reasonable and necessary for an effective and efficient administration of the bankruptcy estate.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 10, 2022.

RICHARD A. MARSHACK

# EXHIBIT 1

|  | **Huntington Beach** |  | **$700,000** |
|---|---|---|---|
|  |  |  |  |
| **CHAPTER 7 ADMIN** | Request/Allowed | Proposed Dist | Running Balance |
| Trustee (pay 70%) | $ 156,039.77 | $ 109,227.84 |  |
| MH | $ 24,084.22 | $ 24,084.22 |  |
| UST Claim 12 | $ 12,242.74 | $ 12,242.74 |  |
| FTB Claim 10 (2019-2022) | $ 1,615.05 | $ 1,615.05 |  |
| **Total Chapter 7 Admin** | $ 193,981.78 | $ 147,169.85 | $ 552,830.15 |
|  |  |  |  |
| **Ch 11 - 1019 and Wages (80%)** |  |  |  |
| Ruben Rodriguez | $ 4,500.00 | $ 3,600.00 |  |
| David Longo | $ 2,267.60 | $ 1,814.08 |  |
|  | $ 6,767.60 | $ 5,414.08 | $ 547,416.07 |
|  |  |  |  |
| **CH 11 Professionals** |  |  |  |
| **Pro-rata distribution** | 11.42% |  |  |
| Donlin (hrg 10/25) | $ 131,266.84 | $ 14,985.20 |  |
| Pachulski (hrg 11/1) (allocated below) | $ 4,663,968.08 | $ 532,430.87 |  |
|  | $ 4,795,234.92 | $ 547,416.07 | $ - |
|  |  |  |  |
| **Pachulski allocations - gen unsecured** |  | $ 532,430.87 |  |
| Claim 2 - So Cal Edison | $ 12,704.10 |  |  |
| Claim 3 - WGG LLP | $ 14,980.54 |  |  |
| Claim 5 - Garda World | $ 2,850.22 |  |  |
| Claim 7 - Michael Wilson | $ 15,347.00 |  |  |
| Claim 13 - Interface Security | $ 242.50 |  |  |
| Claim 14 - Budget Blinds | $ 3,875.64 |  |  |
|  | $ 50,000.00 | $ 482,430.87 |  |
|  |  |  |  |
| **ALLOCATIONS per agreement** | 7.17% |  |  |
| Pachulski | $ 4,663,968.08 | $ 334,314.68 |  |
| WGH | $ 862,533.00 | $ 61,826.63 |  |
| F10 | $ 338,123.00 | $ 24,236.76 |  |
| GR | $ 865,688.00 | $ 62,052.79 |  |
|  | $ 6,730,312.08 | $ 482,430.87 |  |

**Exhibit "1"**
**Page 13**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE DISTRIBUTION SCHEME AND INTERIM DISTRIBUTIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD A. MARSHACK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 11, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **October 11, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**MAIL REDIRECTED TO TRUSTEE**
**DEBTOR**
RUBY'S HUNTINGTON BEACH, LTD.,
A CALIFORNIA CORPORATION
~~4100 MACARTHUR BOULEVARD, SUITE 310~~
~~NEWPORT BEACH, CA 92660-2050~~

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 16, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 11, 2022 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **INTERESTED PARTY COURTESY NEF:** Alan J Friedman afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
   - **INTERESTED PARTY COURTESY NEF:** David M Goodrich dgoodrich@go2.law, kadele@wgllp.com; lbracken@wgllp.com; wgllp@ecf.courtdrive.com; gestrada@wgllp.com
   - **ATTORNEY FOR U.S. TRUSTEE (SA):** Michael J Hauser michael.hauser@usdoj.gov
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR)** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **INTERESTED PARTY COURTESY NEF:** Lillian Jordan nefrecipients@donlinrecano.com, rmapa@donlinrecano.com
   - **ATTORNEY FOR DEBTOR RUBY'S HUNTINGTON BEACH, LTD., A CALIFORNIA LIMITED PARTNERSHIP:** William N Lobel wlobel@tocounsel.com, stena@tocounsel.com; sschuster@tocounsel.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR OPUS BANK:** Jessica G McKinlay mckinlay.jessica@dorsey.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
   - **ATTORNEY FOR CREDITOR PILLSBURY WINTHROP SHAW PITTMAN LLP:** Matthew S Walker matthewswalker1@gmail.com, renee.evans@pillsburylaw.com,
   - **INTERESTED PARTY COURTESY NEF:** Corey R Weber cweber@bg.law, ecf@bg.law

4866-6912-7992, v. 1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                           F 9013-3.1.PROOF.SERVICE